UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIZABETH QUINTERO,**

        **Plaintiff,**

v.                                Case No: 6:23-cv-2382-PGB-LLL

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court upon Plaintiff Elizabeth Quintero's ("**Plaintiff**") Motion to Reopen Case or File New Complaint[1] (Doc. 38) and Objection to Order Dated July 2, 2024 (Doc. 39). The Court construes these two filings as motions for reconsideration.[2] (Docs. 38, 39 (the "**motions for reconsideration**")). The Court does not deem a response from Defendant necessary.

Plaintiff seeks reconsideration of the Court's Order (Doc. 36 (the "**Order**")) adopting Magistrate Judge Laura Lothman Lambert's Report and Recommendation (Doc. 33 (the "**Report and Recommendation**")). In the

---

[1] The Court advises Plaintiff that the Court's dismissal of her case was *without* prejudice. (Doc. 36). Accordingly, the Court's dismissal does not bar Plaintiff from bringing a new action involving the same allegations as the instant Complaint.

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Order, the Court dismissed Plaintiff's case without prejudice for failure to prosecute under Local Rule 3.10. (Doc. 36). Upon consideration, Plaintiff's motions for reconsideration are due to be denied. (Docs. 38, 39).

## I.   BACKGROUND

The procedural and factual background as set forth in the Report and Recommendation are hereby adopted and made a part of this Order. (*See* Doc. 33).

## II.   STANDARD OF REVIEW

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam)[3]. It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at \*1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[4]

## III. DISCUSSION

Simply put, Plaintiff's motions for reconsideration do not satisfy the rigorous standard for reconsideration of a Court's Order.[5] (*See* Docs. 38, 39). Specifically, Plaintiff fails to identify any "manifest errors of law or fact." (*See id.*); *Arthur*, 500 F.3d at 1343. Nor does Plaintiff present any argument regarding her failure to file the Court-approved disclosure statement form or her brief—which is the underlying reason for dismissal of this case.[6] (*See* Docs. 33, 38, 39). Instead, Plaintiff vaguely asserts various allegations discussing the underlying cause of action and the proceedings before the Social Security Administration. (Docs. 38, 39).

---

[4] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

[5] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[6] The Court notes that on July 26, 2024, Plaintiff untimely filed her Initial Plaintiff Brief. (Doc. 40). However, such a filing does not cure the deficiencies outlined in the Report. Moreover, as discussed in the Report, the Court has provided Plaintiff with numerous opportunities to cure her untimeliness and noncompliance with the Court's Orders and Local Rules. (Doc. 33). Consequently, the Court need not consider Plaintiff's untimely filing.

Additionally, Plaintiff urges this Court to issue several "corrections" to the Local Rules. (*Id.*). Plaintiff asserts that the Local Rules confer upon Judges "with the powers and jurisdiction to modify [the] time standards and other requirements" of the Local Rules. (Doc. 39, p. 1). Although Plaintiff fails to cite to supporting authority, the Court presumes that Plaintiff is referring to Local Rule 1.01(b), which states:

> (b) SUSPENDING THE APPLICATION OF A RULE. If reasonably necessary to achieve the purpose of these rules, a judge can temporarily modify or suspend the application of any rule, except Local Rule 1.05(a).

Local Rule 1.01(b).

The Court directs Plaintiff to the first half of Local Rule 1.01(b): "If reasonably necessary to achieve the purpose of these rules." The purpose of these rules is set forth in Local Rule 1.01(a), which provides: "These rules advance efficiency, consistency, convenience, and other interests of justice." Plaintiff's requested "corrections"—many of which discuss changes to deadlines, standards, and procedure—contradict the advancement of efficiency, consistency, and convenience. (Docs. 38, 39); *see* Local Rule 1.01(a). Thus, the Court is not persuaded by Plaintiff's argument regarding the Local Rules.[7]

---

[7] Although the Court declines Plaintiff's request to modify the Local Rules, the Court notes that it has provided Plaintiff with several opportunities to comply with the Local Rules. (*See* Docs. 10, 16, 20, 23, 29, 30; *see also* Doc. 33, p. 4 ("Plaintiff has been given multiple opportunities to timely file her brief in compliance with the rules of this Court, [] she has been instructed on proper briefing format, [] and she has been advised that filing letters directed to the Court [is] prohibited.")).

4

Ultimately, Plaintiff's motions for reconsideration fail to provide adequate reason for this Court to reconsider its prior decision. (Docs. 38, 39).

## IV. CONCLUSION

For these reasons, Plaintiff's Motion to Reopen Case or File New Complaint (Doc. 38) and Objection to Order Dated July 2, 2024 (Doc. 39) are **DENIED**. The Clerk of Court is **DIRECTED** to terminate any pending motions.

**DONE AND ORDERED** in Orlando, Florida on August 2, 2024.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties